IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America ) | |
| ) | 3:16-po-0008-RLB |
| vs. ) | |
| ) | |
| Robert L. Strickland, Jr., ) | **ORDER AND OPINION** |
| ) | |
| Defendant. ) | |
| _____) | |

Defendant Robert L. Strickland, Jr. was issued a violation notice charging him with shoplifting less than $50.00 at the base exchange at Shaw Air Force Base in South Carolina. Defendant appeared before Magistrate Judge Robert L. Buchanan, Jr. On October 18, 2016. Defendant having completed community service, the government moved to dismiss the charges, which motion the Magistrate Judge granted pursuant to the authority granted pursuant to 28 U.S.C. § 626(a)(4). On December 28, 2017, Defendant filed a motion to expunge criminal record based on his contention that his future in the education field will be negatively impacted. The government filed a response in opposition on January 12, 2018. On February 21, 2018, the Magistrate Judge issued an order denying Defendant's motion. Defendant filed an appeal from the Magistrate Judge's order on March 6, 2018.

A federal magistrate judge has the power to conduct trials and sentence criminal defendants for petty offenses. 28 U.S.C. § 636(a)(3)-(4), 18 U.S.C. § 3401(a). A defendant may appeal to the district court from a Magistrate Judge's judgment of conviction and sentence for a petty offense. 18 U.S.C. § 3402; Fed. R. Crim. P. 58(g)(2)(B). On appeal, this court does not review the Magistrate Judge's decision de novo, but instead applies the same standard of review as would be applied by the Court of Appeals to a judgment entered by a district judge. Fed. R. Crim. P. 58(g)(2)(D). Although the within appeal is not from a judgment of conviction and sentence, the post-trial motion

was within the statutory authority of the Magistrate Judge; therefore the court will apply the same standard of review set forth in Rule 58(g)(2)(D).[1]  Findings of fact made by the trial court are reviewed for clear error, and issues of law, such as the interpretation of statutes and regulations, are reviewed de novo.  United State v. Bursey, 416 F.3d 301, 306 (4th Cir. 2005) (citing United States v. Leftenant, 341 F.3d 338, 342–43 (4th Cir. 2003)).

No federal statute or regulation generally provides for expungement of a federal offense.  A federal court has only a limited authority to order expungement of records in a criminal case, and that authority is reserved for the unusual or exceptional case.  Kwiatecki v. United States, C/A No. JKB-16-1360, 2016 WL 2770518, *1 (D. Md. May 12, 2016) (citing cases).  Although ancillary jurisdiction may confer power to federal courts to expunge records in extraordinary circumstances, claims for expungement "on purely equitable grounds–the impact of the conviction on [one's] employment opportunities, and the likelihood that an employment-related security clearance will be unavailable"–do not constitute exceptional circumstances adequate to invoke the court's jurisdiction.  United States v. Harris, 847 F. Supp. 2d 828, 834 (D. Md. 2012) (citing cases).  This is because "the retention of criminal records is essential for an effective criminal identification system, as well for purposes of punishment and deterrence."  United States v. Bowen, Cr. No. 5:92CR174 (STAMP), 2015 WL 2144012, *3 (N.D.W. Va. May 7, 2015) (citing United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir. 1977)).

Although the court is sympathetic to Defendant's plight, the Magistrate Judge correctly found that he was without jurisdiction to order expungement.  The Magistrate Judge's order denying

---

[1] The appeal of a matter referred to a magistrate judge by a district court is reviewed under a "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A).  Regardless of the standard utilized, the court reaches the same conclusion.

2

Defendant's motion to expunge criminal record is **affirmed**.

    **IT IS SO ORDERED**.

                                                /s/ Margaret B. Seymour
                                                Senior United States District Judge

Columbia, South Carolina

April 23, 2018